UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

ANTHONY LOPEZ,

                              Plaintiff,

             -against-

NYC DEPARTMENT OF CORRECTION, *et al.*,

                              Defendants.

--------------------------------------------------------

19-CV-3887 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Downstate Correctional Facility, brings this *pro se*
action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated May
3, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in
forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an
amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,
fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480
F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks
subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any
of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572
F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint: On December 28, 2019, at 7:00 p.m., at the Manhattan Detention Complex (MDC), Plaintiff "stepped out of the shower box and slipped in a puddle of water [and] [d]ue to there being no drainage, fell and hurt [his] back and head." (Compl. at 3.) Fellow prisoners informed correctional staff of the fall, and "[a] short while after Captain Avon arrived," she asked Plaintiff whether he could "get up"; Plaintiff told her that he "could not move." (*Id.*) Then, "a short while after that," a medical team arrived and a John Doe doctor "demanded [Plaintiff] to get up." (*Id.*) Plaintiff informed the doctor that he "was in pain and . . . couldn't move." (*Id.*) The doctor "touched the back of [Plaintiff's] head and stated that [his] hair broke [the] fall." (*Id.*) The doctor also stated that Plaintiff "did not have a fracture . . . [and] that he was tired of the slip and falls and that he was not going to call E.M.S." (*Id.*)

After the doctor and the medical team left the area, Captain Avon informed Plaintiff, who was still on the floor, "that she would make sure Deputy Warden Mitchell [did] not call E.M.S. because she thought that [Plaintiff] was faking." (*Id.*)

Two hours after the slip and fall, at 9:00 p.m., MDC commenced its lock-in of the prisoners; Plaintiff remained on the floor. "[S]oon after the lights went out at 12:00 a.m., [Plaintiff] managed to get up and was still denied medical attention. . . . At approximately 2:00 a.m., the officer on post stated that the clinic didn't want [Plaintiff] . . . and [the officer] handed [Plaintiff] a 2 pack of non-aspirin." (*Id.*)

As of April 22, 2019, the date Plaintiff signed the complaint, he still suffered from neck and back pain as a result of the fall. (*Id.*) He seeks money damages.

**DISCUSSION**

**A.      New York City Department of Correction (DOC)**

Plaintiff's claims against the DOC must be dismissed because an agency of the City of
New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and
proceedings for the recovery of penalties for the violation of any law shall be brought in the
name of the city of New York and not in that of any agency, except where otherwise provided by
law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City
of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited
from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of
New York, the Court construes the complaint as asserting claims against the City of New York,
and directs the Clerk of Court to amend the caption of this action to replace the DOC with the
City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses
the City of New York may wish to assert.

**B.      City of New York**

To state a claim against the City of New York, Plaintiff must allege facts showing that
(1) a municipal policy, custom, or practice (2) caused the violation of his constitutional rights.
*See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan
Cnty. v. Brown,* 520 U.S. 397, 403 (1997). Put simply, Plaintiff must show that the City *itself*
caused the violation of his rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) (relying on
*Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)).

Plaintiff does not state any facts suggesting that a City policy, custom or practice caused
his injuries to occur. But because "[a] *pro se* complaint should not [be] dismiss[ed] without [the
Court] granting leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated," *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted, alterations in original)), the Court grants Plaintiff leave to amend his complaint to state any facts suggesting that a City policy, custom, or practice caused his injuries.

### C.       Deliberate indifference to conditions of confinement

The Court construes Plaintiff's allegations – that he slipped and fell at the MDC and that Defendants denied him adequate medical attention after his fall – as asserting claims that correction officers were deliberately indifferent to the conditions of his confinement that posed a serious threat to his health or safety. As Plaintiff was a pretrial detainee during the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a conditions of confinement claim, Plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Id.*

The objective element requires a showing that "the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

The mental element requires a showing "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35.

The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

### 1.   Slippery floors

"District courts in this Circuit have repeatedly held that, standing alone, a claim that a prisoner fell on a slippery floor and injured himself fails to satisfy the first prong of a conditions-of-confinement claim." *Strange v. Westchester Cty. Dep't of Corr.*, No. 17-CV-9968 (NSR), 2018 WL 3910829, at *3 (S.D.N.Y. Aug. 14, 2018) (collecting cases).

Moreover, where a plaintiff fails to allege that a correction officer showed "deliberate indifference to the consequences of his conduct for those under his control and dependent upon him," *Morales v. N.Y.S. Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988), the plaintiff fails to state facts showing that the mental element of a condition-of-confinement claim is satisfied, *see, e.g., Strange*, 2018 WL 3910929, at *1 (holding that the plaintiff had failed to show deliberate indifference where he alleged that he had slipped and fell upon exiting his cell shower and "he did not have a shower mat to protect him from slipping"); *Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *4 (S.D.N.Y. July 23, 2014) (holding that "[a] prisoner's bare complaint about a slippery floor, without more, does not state an arguable claim of deliberate indifference."); *Seymore v. Dep't of Corr. Servs.*, No. 11-CV-2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (holding that "plaintiff ha[d], at most, alleged that various defendants were negligent in failing to correct conditions, not that any defendant obdurately and wantonly refused to remedy a specific risk to the plaintiff."). *But see Fredricks*, 2014 WL 3875181, at *5-6 (concluding that plaintiff with known disability who was subjected to slippery floor stated a constitutional claim).

Plaintiff's assertion that he stepped out of the shower into a puddle of water is insufficient to state a claim of deliberate indifference to the conditions of his confinement. First, a puddle of water Plaintiff, standing alone, did not pose an unreasonable risk of serious damage to a prisoner's safety. *See, e.g.*, *Strange*, 2018 WL 3910929, at *3. Though Plaintiff did fall because of the water, and the puddle allegedly formed due to a nonexistent drainage system, the condition itself did not pose a constitutionally recognized unreasonable risk. Moreover, Plaintiff does not assert that Defendants showed deliberate indifference to an unreasonable risk of serious damage to his safety. Plaintiff therefore fails to state a claim that Defendants were deliberately indifferent to his conditions of confinement with respect to the slippery floor.

District courts generally grant a *pro se* plaintiff an opportunity to amend a claim to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this claim cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his conditions of confinement claim as to the slippery floor.

**2.      Medical care**

Plaintiff's allegations that he was denied constitutionally adequate medical care after his fall must meet the same deliberate indifference test. Where a prisoner alleges that some treatment was provided but that it was inadequate, the objective component focuses on the seriousness of the alleged inadequacy. *See Salahuddin v. Goord*, 467 F.3d 263 280 (2d Cir. 2006). Thus, where a prisoner alleges that treatment was inadequate because of delay, for example, the relevant concern is not "the severity of the prisoner's underlying medical condition," but the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

"[M]ere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Plaintiff fails to state a claim that Defendants denied him constitutionally required medical attention after his slip and fall. Rather, his allegations indicate that he and the John Doe doctor disagreed over the treatment he required. For example, the doctor informed Plaintiff that he did not have a fracture. But Plaintiff believed he required more care, though he does not state the type of care he was denied. Fatal to this claim is Plaintiff's failure to allege any facts suggesting that he suffered a specific injury from the fall that required specific treatment. That is, Plaintiff does not allege what care Defendants denied him. Though he does state that he still feels pain, this allegation, standing alone, does not suggest that Defendants denied him care for any specific injury.

While the Court is inclined to dismiss this claim for failure to state a claim, it would not be futile to grant Plaintiff leave to amend. The Court therefore grants him leave to amend his complaint to state any facts suggesting that Defendants failed to provide him medical attention for a particular injury that he suffered after his fall.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his medical claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-3887 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   May 17, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes  ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                      Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

**VI.    RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____